# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS HOWARD HULL, | |
| Plaintiff, | Case No. 3:25-cv-00030-SLG |
| v. | |
| JOSEPH VAN DE MARK, | |
| Defendant. | |

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On February 11, 2025, self-represented prisoner Thomas Hull ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a motion for a preliminary injunction.[1] Defendant Jospeh Van De Mark, an attorney with the Office of Public Advocacy, represents Plaintiff in his ongoing state criminal proceedings.[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[3]

---

[1] Dockets 1-4.

[2] Docket 1 at 1-2; Docket 4 at 2. *See also State of Alaska vs. Hull,* Case No. 3AN-19-04256CR. Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Plaintiff claims he did not agree to be represented by Defendant and that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") have been violated.[4] For relief, Plaintiff requests Defendant withdraw his legal representation in state court and seeks an order preventing any "attorney employed by, or under contract to, the Office of Public Advocacy" from representing him in his state criminal case.[5] Plaintiff also filed a motion for a preliminary injunction requesting the Court order Defendant to withdraw his legal representation in state court.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds that the Complaint fails to state sufficient facts that, accepted as true, would establish a plausible claim for relief for a violation of the U.S. Constitution or federal law. A criminal defense attorney — even if appointed by a state court or paid by the state — is not considered a state actor for the purposes of civil rights liability, including under RLUIPA or 42 U.S.C. § 1983.[7]

---

[4] Dockets 1, 4.

[5] Docket 1 at 3.

[6] Docket 4.

[7] *See Polk County v. Dodson,* 454 U.S. 312 (1981) (holding that a public defender does not act under color of state law when performing traditional functions as counsel to an indigent defendant in a state criminal proceeding).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 9

Case 3:25-cv-00030-SLG     Document 6     Filed 06/11/25     Page 2 of 9

For the reasons explained in this order, the Court finds that allowing leave to file an amended complaint would be futile. Therefore, this case is dismissed with prejudice and counts as a "strike" under § 1915(g).

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although the scope of review generally is limited

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 9
Case 3:25-cv-00030-SLG    Document 6    Filed 06/11/25    Page 3 of 9

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] Fed. R. Civ. P. 8(a)(2).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 9
Case 3:25-cv-00030-SLG    Document 6    Filed 06/11/25    Page 4 of 9

accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22] Section 1983 does not confer

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[19] *Ashcroft,* 556 U.S. at 678.

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S.

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 9
Case 3:25-cv-00030-SLG     Document 6     Filed 06/11/25     Page 5 of 9

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

### III. Religious Land Use and Institutionalized Persons Act ("RLUIPA") Claims

The Religious Land Use and Institutionalized Persons Act ("RLUIPA")[24] is a federal law enacted in 2000 that "protects institutionalized persons who are unable to freely attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."[25] RLUIPA prohibits prison officials from adopting regulations that impose any substantial burden on the plaintiff's exercise of his religious beliefs that is not necessitated by prison security or another compelling governmental interest; it does not apply to a criminal defense attorney.[26]

### IV. Plaintiff's claims

The Court finds that the Complaint fails to state a plausible claim under RLUIPA or Section 1983. An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[27] It does

---

329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] RLUIPA § 3(a), 42 U.S.C. § 2000cc–1(a).

[25] *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008).

[26] *Warsoldier v. Woodford*, 418 F. 3d 989, 999 (9th Cir. 2005).

[27] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 9
Case 3:25-cv-00030-SLG   Document 6   Filed 06/11/25   Page 6 of 9

not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, ... the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[28] A court appointed attorney is not a state or government actor and cannot be sued under RLUIPA or Section 1983. Therefore, the Complaint is dismissed for failure to state a claim.

The Court FURTHER finds that granting Plaintiff leave to file an amended complaint would be futile, as no additional facts could be alleged that would amount to a plausible claim under the RLUIPA or Section 1983 against Plaintiff's state court attorney. Therefore, the Complaint must be dismissed without leave to amend. This dismissal counts as a "strike" against Plaintiff.

### V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[29] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[30] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without

---

[28] *Polk County*, 454 U.S. at 318-19.

[29] 28 U.S.C.A. § 1915(g).

[30] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 7 of 9
Case 3:25-cv-00030-SLG   Document 6   Filed 06/11/25   Page 7 of 9

prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[31] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[32] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[33] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[34]

### VI. Plaintiff's motion for a preliminary injunction is DENIED

Plaintiff filed a motion for a preliminary injunction requesting the Court to order Defendant to withdraw from representing him in an Alaska state criminal proceeding.[35] Plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[36] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only

---

[31] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[32] *Andrews,* 493 F.3d at 1056 (cleaned up).

[33] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[34] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[35] Docket 4.

[36] *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 8 of 9
Case 3:25-cv-00030-SLG     Document 6     Filed 06/11/25     Page 8 of 9

be awarded upon a clear showing that the plaintiff is entitled to such relief."[37]

Plaintiff cannot demonstrate a likelihood to succeed on the merits when he is unable to state a plausible claim against Defendant. This case is dismissed with prejudice, so the motion for a preliminary injunction must be denied.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. Plaintiff's Motion for a Preliminary Injunction at **Docket 4 is DENIED**.

3. All pending motions are **DENIED as moot.**

4. This dismissal counts as a **strike** under 28 U.S.C. § 1915.

5. The Clerk shall issue a final judgment and close this case.

DATED this 11th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[37] *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Case No. 3:25-cv-00030-SLG, *Hull v. Van De Mark*
Order of Dismissal Upon Screening & Notice of Strike
Page 9 of 9
Case 3:25-cv-00030-SLG    Document 6    Filed 06/11/25    Page 9 of 9